IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Number: 4:07 CR 466-1 |
| | ) | |
| v. | ) | <u>Violations</u>: |
| | ) | 18 U.S.C. § 371 (conspiracy) |
| TEXAS OIL AND GATHERING INC., | ) | 42 U.S.C. § 6928 (RCRA) |
| | ) | |
| Defendant. | ) | |

## **PLEA AGREEMENT**

The United States of America, by and through Tim Johnson, Acting United States Attorney for the Southern District of Texas, John Cruden, Acting Assistant Attorney General, Rocky Piaggione, Senior Counsel and Leslie Lehnert, Trial Attorney, Environmental Crimes Section, the defendant, and the defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### **The Defendant's Agreement**

1.  The defendant agrees to plead guilty to Count One and Count Two of the Indictment. Count One charges the defendant with conspiracy to violate the Resource Conservation and Recovery Act, 42 U.S.C. 6901 et seq. and the Safe Drinking Water Act, 42 U.S.C. § 300f et seq. Count Two of the Indictment charges the defendant with knowingly disposing of a hazardous waste without a permit in violation of the Resource

Conservation and Recovery Act, 42 U.S.C. § 6928(d)(2)  The defendant, by entering this plea, agrees that it is waiving any right to have the facts that the law makes essential to the punishment either proved to a jury or otherwise proven beyond a reasonable doubt.

## Punishment Range

2.     The statutory maximum penalty for a violation of 18 U.S.C. § 371 for a corporation is the higher of a fine of not more than $250,000 or twice the pecuniary gain or loss from the offense.  Additionally, the defendant may receive a term of probation of up to three years, 18 U.S.C. §§ 3559(a)(3), 3583(b)(2).  The statutory maximum penalty for a violation of 42 U.S.C. § 6928(d)(2) , for a corporation is a fine of  $50,000 per day of violation, or twice the pecuniary gain or loss, or $500,000 which ever is higher.  Additionally, the defendant may receive a term of probation of up to three years.  The defendant acknowledges and understands that other charged and uncharged related criminal activity may be considered "relevant conduct" pursuant to U.S.S.G. §1B1.3(a)(2) or part of the "offense of conviction" pursuant to  §1B1.2, and may be used in calculating the fine to which it is pleading guilty.

## Mandatory Special Assessment

3.     Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, the defendant will pay to the Clerk of the United States District Court a special assessment in the amount of four hundred dollars ($400.00) per count of conviction.  The payment will be by cashier's check or money order payable to the Clerk of the United States District

Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Fine and Reimbursement**

4. The defendant understands that the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing The Court is permitted to impose any sentence that is outside of, or departs from, the applicable Sentencing Guidelines range.

5. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and the defendant will not attempt to avoid or delay payment.

6. The defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if it is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the defendant's sentence, the defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following its sentencing. Further, the defendant agrees to full restitution to the victim(s) regardless of the counts of conviction.

7. The defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and the Environmental Crimes Section of the

Environment and Natural Resources Division and defendant; it does not bind any other United States Attorney or any other section of the Department of Justice

### Waiver of Appeal

8.  The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> a sentence imposed above the statutory maximum. Additionally, the defendant is aware that 28 U.S.C. § 2255 affords the right to contest or collaterally attack a conviction or sentence after the conviction or sentence has become final. The defendant further waives the right to contest its conviction or sentence by means of any post-conviction proceeding.

9.  In agreeing to these waivers, the defendant is aware that a sentence has not yet been determined by the Court. The Defendant agrees and understands that the Government may present evidence at sentencing to support its request for what fine amount is appropriate and should be imposed by the Court. The Defendant reserves the right to present evidence at sentencing to support its request for what fine amount is appropriate and should be imposed by the Court if any.

10. The defendant understands and agrees that each and all waivers contained in this plea agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

11. The United States agrees to dismiss the remaining counts of the indictment and not to bring any additional charges against the defendant for any federal criminal offenses of which it is aware related to the charges in the Indictment for which it has venue and which arise out of the defendants disposal of waste water at the BLSR underground injection well.

## United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with the defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and 18 U.S.C.§ 3553(a); and

   (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13. The defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of 18 U.S.C. §§ 3553, 3571, and 3572. The defendant

nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which the defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. The defendant understands that the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14.     The defendant represents to the Court that it is satisfied that its attorney has rendered effective assistance. The defendant understands that by entering into this agreement, it surrenders certain rights as provided in this plea agreement. The defendant understands that the rights of a defendant include the following:

- (a) If the defendant persisted in a plea of not guilty to the charges, the defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

- (b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. The defendant would have the opportunity to confront those witnesses and its attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on its own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court.

(c)  At a trial, the defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, it could testify on its own behalf.

### Factual Basis for Guilty Plea

15. Defendant is pleading guilty because it <u>is</u> guilty of the charges contained in Count One and Count Two of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offenses beyond a reasonable doubt. The facts, among others, contained in the attached Joint Statement of Facts, incorporated by reference and attached hereto, would be offered to establish the defendant's guilt.

### Breach of Plea Agreement

16. If the defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time the defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by the defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against the defendant in any prosecution.

17. Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's

Office and the Environmental Crimes Section, whose judgment in that regard is final.

## Complete Agreement

18. This written plea agreement, including the attached Joint Statement of Facts and the addendum of the defendant and its attorney, constitutes the complete plea agreement between the United States, the defendant and its counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. The defendant acknowledges that no threats have been made against it and that it is pleading guilty freely and voluntarily because it is guilty.

19. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _April 16_, 2009.

_____
Defendant

Subscribed and sworn to before me on _April 16_, 2009.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK

By: _Stephanie D Vaught_
Deputy United States District Clerk

APPROVED:

TIM JOHNSON
Acting United States Attorney

By: _____  
Special Assistant United States Attorney  
Southern District of Texas  
Telephone:  
Facsimile:

_____  
Attorney for Defendant

JOHN C. CRUDEN  
Acting Assistant Attorney General

By: _____  
Rocky Piaggione  
Leslie Lehnert  
Trial Attorneys  
Environmental Crimes Section  
Telephone: 202 305-4682  
Facsimile: 202 305-0396

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Number: 4:07-CR-466-1 |
| | ) | |
| v. | ) | |
| | ) | |
| TEXAS OIL AND GATHERING INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT - ADDENDUM

On behalf of the Defendant, Texas Oil and Gathering Inc., ("TOG"), I have been authorized by a corporate resolution to sign this Agreement and bind TOG. TOG has been advised by its attorney of TOG's rights, of possible defenses, of the Sentencing Guideline provisions with respect to the offenses charged in the Indictment. TOG voluntarily agrees to all the terms of this Agreement. No promises or inducements have been made to TOG other than those contained in this Agreement. TOG understands this plea agreement and voluntarily agrees to it. Finally, TOG is satisfied by the representation of its attorney in this matter.

Dated: 4-16-09

_____
Authorized Representative
Defendant Texas Oil and Gathering, Inc.

I am defendant Texas Oil and Gathering, Inc.'s, attorney. I have fully advised the authorized representatives of Texas Oil and Gathering, Inc., its rights with respect to the offenses charged in the Information. Further, we have reviewed with them the provisions of the Sentencing Guidelines which might apply in this case. We have carefully reviewed every part of this plea agreement with them. To our knowledge, Texas Oil and Gathering Inc.'s decision to enter into this plea agreement is an informed and voluntary one.

Dated: 4-16-2009

James Ardoin
Attorney for Defendant